IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PARK CITY ENTERTAINMENT, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:10CV195DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on several motions: Plaintiff Icon Health & Fitness, Inc.'s Motion for Partial Summary Judgment, Defendant Park City Entertainment, Inc's Motion for Sanctions under Federal Rule of Civil Procedure 11; Defendant's Cross Motion for Partial Summary Judgment; Defendant's Motion to Strike Plaintiff's Memorandum in Opposition to Defendant's Rule 11 Motion; Plaintiff's Motion to Strike Defendant's Reply in Support of Cross Motion for Summery Judgment; and Plaintiff's Motion for Leave to File First Amended Complaint. On June 30, 2011, this court held a hearing on the motions. At the hearing, Plaintiff was represented by Chad E. Nydeggar, David P. Johnson, and Thomas R. Vuksinick and Defendant was represented by Gordon K. Hill and A. John Pate. The court took the motions under advisements. After carefully considering the arguments advanced by the parties, the materials submitted by the parties, and the law and facts relevant to the motions, the court issues the following Memorandum Decision and Order.

DISCUSSION

This case is a patent dispute involving folding treadmills. The issue presented in the cross motions for partial summary judgment is whether Defendant's treadmills that use a "dual pivot" design infringe claim 1 of Plaintiff's folding treadmill patent, U.S. Patent No. 5,772,560 (the "'560 Patent"). The parties entered into a License Agreement in 2005. Defendant claims that only its single pivot models fall under the 560 Patent and the License Agreement. Defendant has paid royalties to Plaintiff under the License Agreement for the single pivot models it sells. Defendant, however, has been increasing the number of dual pivot models it sells and it has not paid royalties to Plaintiff under the License Agreement for the dual pivot models.

Plaintiff believes that the dual pivot treadmills fall under the '560 Patent and License Agreement. Accordingly, Plaintiff sent Defendant a demand letter requesting royalty payments. In fact, Plaintiff's initial demand letter failed to recognize that there was a License Agreement between the parties at all and requested that Defendant enter into a license agreement. Defendant, however, notified Plaintiff of the existing License Agreement. Defendant also responded to the demand letter by informing Plaintiff that, in negotiating the License Agreement, the parties agreed that only the single pivot models fell under the '560 Patent and the dual pivot models did not. Defendant presented Plaintiff with email communications that it believes demonstrate those negotiations. Plaintiff, however, does not believe that the emails establish an understanding with respect to whether the dual pivot models fall under the '560 Patent. Plaintiff, therefore, filed the present patent infringement action.

Plaintiff filed its motion for partial summary judgment approximately two and one half months after filing its Complaint. The parties had not held an initial pretrial conference or begun discovery. Two days after Plaintiff filed its summary judgment motion, Defendant filed a motion

2

for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Prior to filing its Rule 11 motion, Defendant had not filed a motion to dismiss. Rather, Defendant had merely answered the Complaint and filed a Counterclaim.

In part, Defendant's Rule 11 motion is based on Plaintiff's failure to investigate the meaning of the email communications before filing suit. Plaintiff, however, submitted a declaration from its employee involved in the email exchange that states he cannot recall agreeing to exclude the dual pivot models from the License Agreement. While Defendant rightly points out that the employee's failure to recall the negotiations does not conclusively disprove such negotiations, it is enough to protect Plaintiff from a Rule 11 challenge. The parties dispute the meaning of the email communications. Such a dispute does not demonstrate a failure to investigate a claim that would subject one party to sanctions.

Defendant also argues in its Rule 11 motion that Plaintiff did not own the patent at the time of the License Agreement. Plaintiff, however, argues that it has the authority to enforce the Patent and License Agreement. Defendant's claim could more properly have been raised in a motion to dismiss than a Rule 11 motion. In patent cases, this court typically sees motions to dismiss filed on such grounds.

Plaintiff submitted two declarations in opposition to Defendant's Rule 11 motion providing evidence of the investigation conducted by Plaintiff's counsel prior to filing this action. The declarations were filed *in camera* because they contain information protected by the attorney work product and attorney client privileges. The court has reviewed the declarations and concludes that there is no evidence that Plaintiff filed this action for improper purposes. The court also concludes that Plaintiff conducted an adequate investigation into the claims before filing suit. Defendant's Motion for Sanctions under Rule 11, therefore, is denied.

With respect to the cross motions for partial summary judgment, the parties dispute the proper claim construction that should apply in determining whether PCE's dual pivot treadmills fall under the 560 Patent, dispute whether Plaintiff has established infringement, and dispute whether Defendant has established non-infringement. At issue in this case is the "lift means" associated with the folding capabilities of the treadmill. Claim 1 of the '560 Patent reads, "A treadmill comprising: . . . lift means interconnected between said support structure and said tread base to urge said tread base from said first position to said second position."

Plaintiff contends that the "lift means" limitation should be construed to include a cylinder structure that uses gas and/or a fluid to exert a torque on the tread base to urge the tread base from the first position to the second position. Defendant asserts, however, that Plaintiff's claim construction cannot legally support a finding of infringement because it improperly imports an allegedly equivalent structure into the claim construction. Defendant points out that the only structure clearly disclosed in the specification of the '560 Patent associated with the lift means is a "gas cylinder," not a liquid cylinder. Plaintiff, however, argues that Defendant's claim construction impermissibly imports limitations from the specification into the claim.

The '560 Patent's specification states that the "lift means" "preferably is a gas cylinder which continuously urges the tread base from the first position toward the second position." Thus, the specification may disclose only a gas cylinder but it states only that a gas cylinder is preferred. And, Defendant acknowledges in its briefing that a structural equivalent would fall under the patent as well.

"Whether an accused device infringes a Section 112, Para. 6 claim as an equivalent is a question of fact." *Odetics Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1268 (Fed. Cir. 1990). Defendant argues that whether a cylinder structure that uses liquid to exert a torque is

4

equivalent to a cylinder structure that uses a gas to exert a torque is a question of fact. Plaintiff contends that Defendant's "lift means" on the dual pivot treadmills includes an equivalent structure because it functions the same way and achieves the same result as a gas spring.

Defendant, however, argues that its "lift means" is not an equivalent structure because the oil it uses cannot compress and cause a spring action like Plaintiff's gas cylinders. Plaintiff states that the question is not whether Defendant's "lift means" contains oil or some other liquid, but whether it contains gas or some other compressible substance that acts like a spring. Plaintiff disputes that Defendant's "lift means" contains only oil. Defendant has not stated conclusively whether its treadmills contain any gas.

Plaintiff further argues that the video evidence it submitted conclusively demonstrates that Defendant's "lift means" acts as a spring and exerts a force that urges the tread base toward the storage position. Plaintiff has an mechanical engineering expert witness to support its assertion. Plaintiff contends that no reasonable jury could find that the lift means on Defendant's dual pivot treadmills is not at least equivalent to the structure of the lift means disclosed in the '560 Patent.

Defendant maintains that the only structures that could be considered infringing on the '560 Patent are a gas cylinder and equivalent structures, that the determination of an equivalent structure is a question of fact, and that the court should find non-infringement as a matter of law because no reasonably jury could find that its oil "lift means" is an equivalent structure to the gas cylinders. Defendant, however, has not submitted any documentary evidence of how its treadmill works. Defendant argues that there are "holes" in Plaintiff's expert's analysis. But, without any discovery having occurred in this case, Defendant has not had the opportunity to depose Plaintiff's expert. Rather, Defendant relies only on arguments and representations made

by counsel.

At this stage of the litigation, the court cannot conclude as a matter of law whether Defendant's "lift means" on the dual pivot treadmills is an equivalent structure. Both parties recognize that the issue is a question of fact and both parties claim that the facts support their positions to such a degree that no reasonable jury could find for the other party. No discovery has occurred in this case. The parties have not been able to fully inspect the treadmills, submit interrogatories regarding the construction of the treadmill, or question each other's expert witnesses or engineers. The court concludes that the parties should conduct discovery, retain and depose experts with respect to proper claim construction, and file their motions relating to infringement at the close of discovery.

Prior to any discovery being conducted in the case, the court would be improperly weighing the evidence to rule for either party. In addition, Defendant makes assertions in its briefing as to how its treadmills operate but there is no actual evidence in the record. In that case, Defendant is asking the court to rely only on attorney assertions and representations rather than evidence. The owners manuals that have been submitted as evidence do not describe the "lift means" with the type of detail necessary to determine patent infringement. Not only do the parties dispute how Defendant's hydraulic lift operates, they dispute whether the lift operates in the same way as Plaintiff's gas spring. In Plaintiff's surreply on the cross motion for summary judgment, Plaintiff states that the evidence presented creates an issue of material fact as to whether Defendant's "lift means" acts like a spring, thereby precluding summary judgment of non-infringement. Similarly, however, it precludes summary judgment of infringement.

Claim 1 of the 560 Patent has been construed in previous litigation in this court. *See ICON Health and Fitness, Inc. v. Spirit Mfg., Inc.*, Case No. 1:97cv114DB (D. Utah Jan. 3,

2000). The court construed the "lift means" to "include a gas cylinder that applies a torque in the direction illustrated in diagram 13 to urge said tread base from said first position to said second position." The court then construed "gas cylinder" in claim 2 of the 560 Patent to mean "a cylinder structure that uses a gas and/or fluid to exert a torque on the tread base."

Defendant disputes whether Judge Benson's claim construction should be used in this case. Defendant argues that Judge Benson's claim construction improperly uses claim differentiation. This court is not bound to follow Judge Benson's claim construction. Rather than support a finding of non-infringement at this stage of the litigation, however, the fact that this court is not bound to use Judge Benson's claim construction only suggests that this court needs to hold its own *Markman* hearing on the proper claim construction of the '560 Patent.

Even application of the previous claim construction, creates questions of fact in this case. There is simply not the kind of evidence in the record necessary for a determination of whether the oil used in Defendant's treadmills "exerts a torque." Moreover, as stated above, it is factually disputed whether there is only oil used as a lift means in Defendant's treadmills. At this stage of the litigation, the court cannot grant summary judgment to either party on the issue of infringement of claim 1. Accordingly, the parties' cross motions for partial summary judgment on patent infringement under claim 1 of the '560 Patent are denied.

Plaintiff's motion to strike Defendant's reply in support of its cross motion or, alternatively, to allow it to file a surreply is moot because Plaintiff filed its surreply and the court considered it in analyzing the motions. Similarly, Defendant's motion to strike Plaintiff's memorandum in opposition to Defendant's Motion for Sanctions under Rule 11 because it was filed a week late is denied. The one week delay in filing the opposition did not cause Defendant any prejudice.

At the hearing on the motions for partial summary judgment, Defendant's counsel stated that if the motions for partial summary judgment were not granted, he did not object to Plaintiff's filing of a First Amended Complaint. Based on Defendant's representation at the hearing and the reasons advanced by Plaintiff in its motion, the court grants Plaintiff leave to file its First Amended Complaint within ten days of the date of this Order.

CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment, Defendant's Cross Motion for Partial Summary Judgment, Defendant's Motion for Sanctions under FRCP 11, Defendant's Motion to Strike Plaintiff's Memorandum in Opposition to Defendant's Motion for Sanctions under FRCP 11, and Plaintiff's Motion to Strike Defendant's Reply in Support of its Cross Motion for Summary Judgment are DENIED. Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED and such complaint shall be filed within ten days of the date of this Order. Plaintiff shall also contact Chief Magistrate Judge Nuffer's chambers for the scheduling of an initial pretrial conference.

DATED this 5th day of July, 2011.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge