IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., <br><br>      Plaintiff, <br><br>vs. <br><br>PARK CITY ENTERTAINMENT, INC.; FITNESS EQUIPMENT SERVICES LLC d/b/a SOLE FITNESS; and SPIRIT MANUFACTURING, INC. d/b/a SPIRIT FITNESS PRODUCTS, <br><br>      Defendants. | MEMORANDUM DECISION AND ORDER STAYING CASE NO. 1:10CV195DAK AND VACATING CONSOLIDATION <br><br>Case No.  1:10CV195DAK <br>Member Case No. 2:10CV1264DAK <br><br>Judge Dale A. Kimball |

   This matter is before the court on Defendant Park City Entertainment, Inc.'s ("PCE") Motion to Stay Case.  The motion is fully briefed.  The court, however, concludes that a hearing on the motion would not significantly aid in the court's determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order.

## BACKGROUND

   This case is a patent dispute involving folding treadmills.  Plaintiff alleges that Defendant PCE is selling "dual pivot" treadmills that infringe upon its patents, U.S. Patent No. 5,772,560 (the "'560 Patent") and U.S. Patent No. 5,674,453 ("'453 Patent").  In 2005, the parties entered into a License Agreement.  PCE claims that only its single pivot models fall under the '560 Patent and the License Agreement.  PCE has paid royalties to Plaintiff under the License

Agreement for the single pivot models it sells. PCE, however, has been increasing the number of dual pivot models it sells and it has not paid royalties to Plaintiff under the License Agreement for the dual pivot models. Plaintiff believes that the dual pivot treadmills fall under its patents and the License Agreement.

Because of the parties' disagreement as to which treadmills fall within the patents and License Agreement, Plaintiff filed the present patent infringement action. In response, PCE asserted affirmative defenses and counterclaims related to the invalidity of the patents.

On June 27, 2011, PCE filed a request for reexamination with the U.S. Patent and Trademark Office ("PTO") with respect to the '560 Patent. The request for reexamination asserts that the '560 Patent is invalid for obviousness based on prior art. The PTO granted the request for reexamination of the '560 Patent. Another judge within this district has stayed a separate infringement action brought by Plaintiff based on the pending reexamination of the '560 Patent. *See ICON Health & Fitness, Inc. v. BH North America Corp.*, No. 1:10CV173DB (D. Utah Sept. 1, 2011).

On September 9, 2011, PCE filed a request for reexamination of claims 1-3, 19 and 20 of the '453 Patent with the PTO. This request also asserts that the claims are invalid for obviousness based on prior art. Both parties assume that the PTO will grant reexamination of the '453 Patent because ninety-two percent of requests for reexamination are granted.

Any person may request the USPTO to reexamine any claim of a patent on the basis of prior art patents and other prior art publications. 35 U.S.C. § 302. The USPTO will grant the request for reexamination if "a substantial new question of patentability affecting any claim of

the patent concerned is raised by the request." *Id*. § 303(a).  Once the USPTO undertakes to reexamine a patent, it shall do so with "special dispatch" and cannot be otherwise compelled to cease reexamination.  *Id.* § 305.  Upon completion of the reexamination process, the USPTO "will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable." *Id.* at § 307(a).

## DISCUSSION

The parties agree that courts have "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1989).  The parties further agree on the factors courts routinely employ in determining whether to stay a patent infringement action pending reexamination: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g.*, *In re Cygnus Telecomm. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

Plaintiff, however, opposes a stay pending reexamination because it contends that this is not a typical patent infringement action.  In addition to asserting claims for patent infringement, Plaintiff also has breach of contract claims based on PCE's failure to pay royalties pursuant to the parties' License Agreement.

Courts have recognized that "there is a liberal policy in favor of granting motions to stay

proceedings pending the outcome of USPTO reexamination proceedings." *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, *2 (S.D.N.Y. Aug. 10, 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings.").

The court agrees with PCE that the reexamination proceedings will eliminate, narrow, or clarify the disputed issues in this litigation. Any claims that are cancelled during the reexamination will not need to be litigated and those claims that survive reexamination may be amended. A stay would also prevent resources from being expended on invalid or amended claims. Moreover, the court believes that the PTO's examination of the prior art will be beneficial to the litigation. Other courts have recognized that the reexamination process is beneficial in the "simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." *Ethicon*, 849 F.2d at 1428; *see also GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 63 (D. N. J. 1992).

In this case, Plaintiff argues that its contract claims will not be affected by the reexamination process. Plaintiff argues that its claims are first and foremost for breach of contract. However, it also acknowledges in the same brief that the primary issue underlying its breach of contract claims is whether PCE's products fall within the claims of one or both of the patents. Despite the assertion that this is first and foremost a breach of contract case, Plaintiff has previously stated that the primary issues in this action are infringement and validity of the patents, and ownership of the patents during the term of the license agreements. The court

believes that the reexamination has the potential of affecting the contract claims and those claims are not a basis for denying a stay.

The court concludes that the case shall be stayed pending the PTO's reexamination of the patents. During that time, the Clerk of Court is directed to administratively close the case. At the conclusion of the reexamination process, the parties shall notify the court to reopen the case.

Because of the court's decision to grant PCE's motion to stay proceedings and Defendant Spirit Manufacturing, Inc.'s desire to proceed with the litigation against it, the court vacates the consolidation of the two cases. The cases were consolidated based on the parties' stipulations. Those stipulations no longer appear to exist. The court recognizes that each defendant is entitled to litigate the case against it according to its own best interests. Given the present circumstances, that can only be accomplished in separate cases. The court will not require Spirit to abide by the stay granted with respect to PCE. Plaintiff initiated these cases as separate actions and given the Defendants' divergent interests at present, the consolidation of the two cases must be vacated. Because the court vacates the prior consolidation, the Clerk of Court is directed to reinstate Plaintiff's case against Spirit Manufacturing, Inc. as 2:10CV1264BSJ.

DATED this 1st day of November, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge