IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>                     Plaintiff,<br><br>v.<br><br>PARK CITY ENTERTAINMENT, INC., a Utah corporation,<br><br>                     Defendant. | **RULING & ORDER**<br><br>Case No. 1:10-cv-00195<br><br>United States District Court<br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

Currently before the court, pursuant to a 28 U.S.C.§ 636(b)(1)(A) referral from the District Court Judge Robert Shelby, is Defendant Park City Entertainment's (PCE) Motion To Strike the Expert Report of Dr. Kim B. Blair filed by ICON Health & Fitness, Inc. (ICON) (Document Number 147). Having considered the parties' submissions along with the relevant legal authorities, the Court now rules as stated herein.

## Background

An Initial Pretrial Conference was held before Magistrate Judge Furse on August 15, 2012, after which the Court issued a Scheduling Order dated August 22, 2012 (Document Number 125). Under the terms of the Scheduling Order, the deadline for either party to "exchange preliminary claim constructions and supporting extrinsic evidence" was set for November 16, 2012. Id.

On November 19, 2012, PCE informed ICON's counsel that it would object to "any attempt to include new extrinsic evidence that should have been included by the agreed upon

deadline." (Document Number 147-1).  On December 13, 2012, through another letter to counsel, PCE reiterated its objection to ICON's submission of extrinsic evidence or expert reports after the designated cut-off date. (Document Number 147-3).  On that same day, ICON responded with a letter to PCE's counsel indicating that it would be providing PCE with the expert report of Dr. Kim Blair (Dr. Blair) and would make Dr. Blair available for deposition prior to the conclusion of claim construction discovery (Document Number 147-4).  On December 21, 2012, ICON submitted, for the first time, the expert report of Dr. Blair.

In response to its receipt of Dr. Blair's report, PCE filed its currently pending Motion To Strike arguing that the report was untimely, improper and prejudicial (Document Number 147). In opposition, ICON contends that it previously identified Dr. Blair, and that the report only contains "approximately 3 pages of actual opinion concerning two claim terms" thereby providing PCE with sufficient time for evaluation prior to Dr. Blair's deposition (Document Number 150).

**Analysis**

The parties' Scheduling Order sets a deadline of November 16, 2012, for the parties to "exchange preliminary claim constructions and supporting extrinsic evidence." (Document Number 125).  Dr. Blair's expert report, however, was submitted to PCE on December 21, 2012—over one month after the deadline.  Further, there is no evidence that ICON sought an amendment to the Scheduling Order in order to accommodate its late filing.  As a result, despite ICON's arguments regarding the brevity of the Dr. Blair's report and the lack of prejudice resulting from its admission, the report was filed outside the Scheduling Order deadline and is therefore untimely.

In so concluding, the Court is unpersuaded by ICON's assertion that when it provided its

preliminary claim constructions on November 16, 2012, and specifically cited to "Dr. Kim B. Blair, Ph.D., Massachusetts Institute of Technology," it should have been evident that Dr. Blair would offer his opinion regarding construction (Document Number 150). ICON's argument is in contravention of federal rules which require the disclosure of an expert witness to include a "written report" or in the case of agreement between the parties, "a summary of the facts and opinions" to which the witness will testify. *See,* Fed. R. Civ. P. 26(a)(2)(A), (B), and (C). Moreover, it is not PCE's burden to divine what an individual's involvement will be, or to assume that a citation to Dr. Blair's name indicates that Dr. Blair will provide an expert report on claim construction. While, Dr. Blair's status was formally confirmed when ICON submitted its amended preliminary construction claim, that amendment was filed on December 13, 2012—over a month after the November 16, 2012 deadline.

For these reasons, PCE's Motion To Strike the Expert Report of Dr. Blair is hereby GRANTED. The Court finds Dr. Blair's report to be untimely, and as a result prohibits its use in association with the parties' claim construction briefing. Additionally, testimony from Dr. Blair shall not be allowed at the parties' Markman hearing. In so ruling, the Court makes no determinations regarding the substance of Dr. Blair's opinions as contained in his report.

PCE's request for attorney fees is hereby DENIED.

DATED this 14th day of February, 2013.

_____
Dustin Pead
U.S. Magistrate Judge