IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br><br>PARK CITY ENTERTAINMENT, INC., a Utah Corporation,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No.1:10-cv-195-RJS<br><br><br>Judge Robert J. Shelby |

Before the court is Plaintiff Icon Health & Fitness, Inc.'s Rule 72(a) Objections to Magistrate Judge Dustin Pead's February 14, 2013 Ruling and Order. (Dkt. No. 163). On February 14, 2013, Judge Pead granted Defendant Park City Entertainment, Inc.'s motion to strike the report of Icon's claim construction expert Dr. Kim B. Blair. Icon filed Dr. Blair's report after the deadline for preliminary claims construction exchange. Judge Pead found Icon's expert report untimely and prejudicial to Park City. Icon moves for review of Judge Pead's ruling, arguing that it was clearly erroneous and contrary to law. Park City has filed a response in opposition. (Dkt. No. 168). Icon subsequently filed a Motion to Strike and For Leave to File a Reply to Park City's Memorandum in Opposition. (Dkt. No. 169). Icon seeks to strike the incorporation in Park City's Opposition of its previously filed Second Motion to Strike (Dkt. No.

1

157) before Judge Pead. Icon also seeks leave to file a reply brief concerning its Rule 72(a) objections. Park City has indicated that it does not oppose Icon's motion insofar as it seeks to file a reply brief. (Dkt. No. 171). The court concludes Judge Pead's ruling was neither clearly erroneous, nor contrary to law. Icon's objection is overruled.

## I. Factual Background

This case includes patent infringement claims relating to treadmill technology. Icon's objections to Judge Pead's ruling stem from deadlines for exchanging claim construction materials fixed in an August 22, 2012 scheduling order. (*See* Dkt. No. 125). The scheduling order set November 16, 2012 as the deadline for exchanging of preliminary claims construction materials, and January 13, 2013 as the related discovery cut-off date. The scheduling order left blank the deadline for exchanging expert materials under Federal Rule of Civil Procedure 26(a)(2).

Icon timely disclosed Dr. Blair to Park City on November 16, 2012 by noting on its preliminary claims construction exchange: "Dr. Kim B. Blair, Phd Massachusetts Institute of Technology." (Dkt. No. 147, Exh. G). Icon provided no additional information related to Dr. Blair. Following Icon's bare initial disclosure Park City repeatedly communicated to Icon that it would object to any expert reports on claims construction submitted past the November 16, 2012 deadline. Despite this notice, Icon waited until December 21, 2012 to serve its expert report for Dr. Blair. During the intervening five weeks Icon sough neither clarification from the court, nor an extension of time to submit its expert report.

Park City moved to strike Dr. Blair's expert report as untimely and unduly prejudicial. On February 14, 2013, Magistrate Judge Dustin Pead granted Park City's motion, striking Dr.

2

Blair's expert report and prohibiting Icon from relying on Dr. Blair's testimony at any *Markman* hearings. Icon timely filed its objections to Judge Pead's ruling.

## II. Rule 72(a) Objections

Under Federal Rule of Civil Procedure 72(a) a district court will overturn a magistrate judge's decision if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A court reviewing a magistrate judge's decision under the clearly erroneous standard must affirm unless the record leaves the court with the "definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Icon argues that Judge Pead has committed clear error by construing an ambiguous scheduling order contrary to plain meaning and general patent practice, creating a deadline for expert submissions where one does not exist, and by making a finding on prejudice that is contrary to the evidence.

As an initial matter the court will not consider Icon's arguments regarding ambiguity or patent procedures in other districts because Icon failed to raise these issues below. Generally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). While Judge Pead issued an order and not a report and recommendation, the policy behind the preservation of argument below remains the same. "[T]he filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute . . . and gives the district court an opportunity to

3

correct any errors immediately." *Id.* (citations and quotations omitted). Prejudice and untimeliness formed the heart of the parties' dispute below. By allowing Icon to inject new argument into the proceeding at this stage the court essentially would be rehearing Icon's motion to strike in an altered form, rather than reviewing Judge Pead's ruling below for error. This would not advance the principles of judicial efficiency or the function of district court review of magistrate judge decisions.

Remaining then is Icon's argument regarding prejudice. Icon's principle contention below was that it identified Dr. Blair by the November 16, 2012 deadline and his expert report, ultimately disclosed on December 21, 2012, was short, encompassing only three pages of actual opinion concerning two claims. In light of these facts Icon argued to Judge Pead that Park City suffered minimal prejudice by the December 2012 service. Icon reiterates this argument here. It continues to argue that Park City suffered no prejudice because of the length of the expert report, the early disclosure of Dr. Blair's identity, and the fact that Park City took Dr. Blair's deposition before the parties submitted claims construction briefing. Moreover, Icon asserts that it has now suffered prejudice because of Judge Pead's ruling. Icon points to its inability to present Dr. Blair's testimony at the claims construction hearing, and the time and expense it expended in obtaining his testimony and expert report.

Despite these contentions by Icon, Judge Pead's ruling does not leave this court with the firm and definite conviction that an error has been committed. Judge Pead found prejudice to Park City relying on Icon's submission of an expert report more than one month after the November 16, 2012 deadline for "exchange of preliminary claims constructions and supporting extrinsic evidence"; failure by Icon to amend the scheduling order; and Park City's notification to

4

Icon that it would object to any untimely submission of extrinsic evidence or expert reports. While Judge Pead considered the brevity of Dr. Blair's report in his ruling, he nevertheless found the submission of the expert report untimely. This untimeliness further prejudiced Park City, despite the one-line disclosure of Dr. Blain on November 16, 2012. Judge Pead reasoned that disclosure of a claims construction expert must be accompanied by more than a mere one-line identification and that Park City did not bear the burden of divining through such minimal disclosure the scope of Dr. Blair's opinions. Judge Pead's reasoning below did not incorrectly cite any legal standard nor ignore any arguments or evidence advanced by Icon. As such, Judge Pead's ruling is neither erroneous nor contrary to law.

Even if the court considered Icon's arguments raised for the first time in its objection they would not tip the scales here. At most Judge Pead's construction of an ambiguous deadline would be a matter the district court may have ruled on differently. Even so, the possibility of a difference in opinion between a district court judge and a magistrate judge on review of a nondispositive motion does not constitute clear error. If Icon believes it has a compelling argument regarding the ambiguity of deadlines in the scheduling order, it should have advanced such an argument below. Likewise any citation to other districts' patent procedures would at best be persuasive argument on de novo review. On review, failure to adhere to another district's patent procedures plainly does not constitute clear error. Judge Pead's construction of the scheduling order was not clearly erroneous or contrary to law, and must be upheld.

Finally, Icon has filed a motion to strike a reference in Park City's Opposition Memorandum incorporating its previously filed and subsequently withdrawn Second Motion to Strike (Dkt. No. 157) before Judge Pead. Icon also seeks leave to file a reply to Park City's

5

Opposition Memorandum. The court, not having examined or relied on the arguments incorporated from Park City's second motion, will strike the incorporation. Though Icon argues that fairness dictate that it be allowed a reply brief, the court allowed Icon a brief opportunity to make oral arguments in reply at the hearing held June 13, 2013. Nothing in DUCivR 72-3(b) or DUCivR 7-1(b)(2)(B) requires that Icon be permitted to file a reply. As such, and as submission of a reply brief will not be materially helpful to the court, the court denies this aspect of Icon's motion.

### III. Conclusion

For the foregoing reasons Icon's Rule 72(a) Objections to Magistrate Judge Dustin Pead's February 14, 2013 Ruling and Order (Dkt. No. 163) is HEREBY OVERRULED. Icon's Motion to Strike (Dkt. No. 169) is GRANTED IN PART AND DENIED IN PART. The incorporation of Park City's Second Motion to Strike (Dkt. No. 157) into its Opposition Memorandum (Dkt. No. 169) is STRICKEN. Icon's motion is DENIED insofar as it seeks leave to file a reply brief.

SO ORDERED this 10th day of July, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge